# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH DANFORTH, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No.: 4:19-cv-40028 |
| BELFOR USA GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

Joseph Danforth brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), Mass. General Laws c. 149, §§ 148, 150 (collectively, "Mass. Wage Act"), and Mass. General Laws c. 151, § 1 ("Mass. Overtime Statute").

The Plaintiff is a former employee of Belfor USA Group, Inc. who regularly worked in excess of forty (40) hours per week, but, in blatant disregard for state and federal law, was not paid wages at an overtime premium.

### JURISDICTION AND VENUE

1. This action arises under the laws of the United States, the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1331.

2. Venue is appropriate in the District of Massachusetts as all of the events and omissions giving rise to this claim occurred here.

### PARTIES

3. Plaintiff Joseph Danforth ("Plaintiff" or "Danforth") lives in Fitchburg, Massachusetts, and was an employee of the Defendant from at least February 2016 through January 2019.

4. Defendant Belfor USA Group, Inc. ("Defendant" or the "Company") is a Colorado corporation that employs workers in Massachusetts, and maintains an office for Massachusetts workers at 138 Bartlett Street, Marlborough, Middlesex County Massachusetts

1

5. Defendant engages in "interstate commerce" because, upon information and belief, it had combined annual gross sales of at least $500,000.00 for each of the previous three years and employs individuals engaged in interstate commerce.

## FACTS

6. Danforth was employed by the Company from at least February of 2016 through January of 2019 (the "Relevant Employment Period").

7. The Defendant performs residential and commercial property restoration throughout Massachusetts.

8. During the Relevant Employment Period, Danforth was an assistant to the project manager, and worked on various job sites for the Company.

9. Danforth was furnished with wages on a salary basis from about February 2016 through February 2018.

10. Danforth was furnished with wages on an hourly basis, from about February 2018 through January of 2019.

11. During the Relevant Employment Period, Danforth regularly worked by himself on various job sites, without supervising any other Company employees.

12. During the Relevant Employment Period, Danforth also regularly worked on job sites where he had some supervisory responsibilities over other Company employees.

13. Danforth regularly worked in excess of forty (40) hours per week during the Relevant Employment Period.

14. Danforth regularly worked between 50 and 60 hours per week during the Relevant Employment Period.

15. Danforth's job responsibilities were the same during the period when he was furnished wages on a salaried basis, and during the period when he was furnished wages on an hourly basis.

16. During the period when Danforth was furnished wages on a salaried basis, he *never* received an overtime premium for those hours that he worked in excess of forty during any given week.

17. On or about February of 2018, the Company began paying Danforth on an hourly basis, and began paying Danforth an overtime premium for those hours worked in

excess of forty during any given workweek.

18. During the Relevant Employment Period, Danforth never had the power to hire or fire employees of the Company over which he had some supervisory responsibility.

19. During the Relevant Employment Period, Danforth's opinion or recommendations with regard to the employees over which he had some supervisory responsibility were never given particular weight.

20. On or about January 21, 2019, the Plaintiff was terminated.

21. To date, the Company owes the Plaintiff earned wages, including overtime premiums.

22. Plaintiff's attorney has filed for authorization from the Fair Labor Division of the Mass. Attorney General's Office to commence a private right of action against the Defendant for violations of the Mass. Wage and Hour Law.

## CAUSES OF ACTION

### COUNT 1 – Fair Labor Standards Act, 29 U.S.C. § 207 et seq.

23. The previous paragraphs are re-alleged and incorporated by reference.

24. The Fair Labor Standards Act provides that employers such as the Defendant must compensate employees such as the Plaintiff at a rate of at least time and one half for hours worked over forty in a week.

25. The Defendant employed Plaintiff who worked over forty hours per week and willfully failed to pay them overtime, in violation of the FLSA.

### COUNT II – Mass Wage Act, Mass. General Laws. c. 149, §§ 148, 150

26. The previous paragraphs are re-alleged and incorporated by reference.

27. Mass. General Laws c. 149, § 148, 150, requires employers to pay employees for time worked no later than six days following the end of a pay period in which wages are earned, and employees who are discharged from employment must be paid in full on the day of discharge.

28. The Defendants violated Mass. General Laws c. 149, § 148 by failing to pay the Plaintiff earned overtime wages.

### COUNT III – Mass Overtime Law  c. 151, § 1A

29. The previous paragraphs are re-alleged and incorporated by reference.

30. Mass. General Laws c. 151, § 1A requires an employer to compensate an employee who works in excess of forty hours a week at a rate of not less than one and one half times his regular hourly rate.

31. The Defendant violated Mass. General Laws c. 151 and c. 149, § 148 by failing to pay Plaintiff overtime wages.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

1. Award the value of wages and other benefits;
2. Award liquidated damages in the form of double or triple the wages and overtime wrongfully withheld, along with attorney's fees pursuant to the FLSA;
3. Award liquidated damages in the form of non-discretionary triple wages and overtime wrongfully withheld, and attorney fees pursuant to Mass. Gen. Law. c. 149, § 150;
4. Award any Other Relief as the Law and Justice requires.

## PLAINTIFF DEMANDS A TRIAL BY JURY

PLAINTIFF, JOSEPH DANFORTH

Dated: February 6, 2019

By his attorney,
/s/ Michael J. Bace, Esq.
Michael J. Bace, Esq. (BBO #669948)
BACE LAW GROUP, LLC
PO Box 9316
Boston, MA 02114
508-922-8328
mjb@bacelaw.com

4